UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julian E. Rochester, # 171519, ) | **C/A No. 6:11-2760-HMH-KFM** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| J. M. Childs, *United States District Judge*; ) | |
| J. D. Austin, *United States Magistrate Judge*; ) | |
| N. Chandler; ) | |
| L. Propes; ) | |
| Unknown Law Clerks; ) | |
| K. Rich; ) | |
| Chief Administrative Judge; ) | |
| United States Government; ) | **ORDER** |
| United States Marshals Service; ) | |
| South Carolina Department of Corrections; ) | |
| State Worker's Compensation & Accident Fund; ) | |
| F. M. Shealy, Attorney; ) | |
| William E. Bordley, Ass. General Counsel; ) | |
| Margaret Woods; ) | |
| FOIPA Office Staff; ) | |
| United States Postal Service; ) | |
| Department of Homeland Security; ) | |
| R. I. Lloyd, United States Attorney; ) | |
| United States Attorney General, in Washington; ) | |
| B. Obama; ) | |
| G. W. Bush; ) | |
| 168 Threatening Judges, ) | |
| William K. Suter, *Clerk of the United States Supreme Court*; ) | |
| Patricia S. Connor, *Clerk of the United States Court of Appeals for the Fourth Circuit*; ) | |
| 186 More Defendants, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### *Background of this Case*

Plaintiff is an inmate at the Perry  Institution of the South Carolina Department of

Corrections (SCDC).  Plaintiff is under an Order of Pre-Filing review.  *See Graham v. Riddle*, 554

F.2d 133, 134-135 & n. * (4th Cir. 1977).  *See also* Order of January 29, 1996, in the matter entitled

*In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr.,

(then) United States District Judge.

Plaintiff, on October 18, 1990, in the Court of General Sessions for Oconee County, was

convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-

degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature.

He received an "active" sentence of fifty (50) years.  The South Carolina Department of Corrections

website (www.doc.sc.gov) indicates that Plaintiff will be eligible for parole on January 5, 2013, but

his projected release date is January 11, 2023.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, Civil Action

No. 2:98-0146-21AJ, Plaintiff on January 22, 1998, brought a habeas corpus action concerning his

1990 convictions.  The Honorable Robert S. Carr, United States Magistrate Judge, on January 23,

1998, authorized service of the § 2254 petition and directed the respondents to file a return.  The

respondents filed a return and a motion for summary judgment.  On March 10, 1998, Magistrate

Judge Carr apprised Plaintiff of dispositive motion procedure, as required by *Roseboro v. Garrison*,

528 F.2d 309 (4th Cir. 1975).  Plaintiff on March 16, 1998, and on March 20, 1998, responded to

the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-0146-21AJ on March 23,

1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be

granted. The parties in Civil Action No. 2:98-0146-21AJ were apprised of their right to file timely written objections and of the serious consequences of a failure to do so. Plaintiff filed objections and two (2) amended objections to the Report and Recommendation. On April 10, 1998, the Honorable William B. Traxler, Jr., (then) United States District Judge, granted the respondents' motion for summary judgment. The Clerk of Court entered the judgment in Civil Action No. 2:98-0146-21AJ on April 13, 1998.

Plaintiff's appeal in Civil Action No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613) was not successful. On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States later denied discretionary appellate review. *Rochester v. South Carolina Department of Corrections*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

In the above-captioned case, Plaintiff has brought suit against, *inter alia*, the United States District Judge and the United States Magistrate Judge assigned to handle Plaintiff's cases, various state officials and agencies, and various federal officials agencies and departments.[1] The two assigned judges issued orders of recusal. *Pilla v. American Bar Ass'n*, 542 F.2d 56, 58 (8th Cir. 1976) ("It is axiomatic that no man should sit in judgment of his own case."). This case the case was reassigned to the undersigned District Judge on October 18, 2011. The undersigned was assigned District Judge for Plaintiff's cases prior to 2011. *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (knowledge from prior judicial proceeding not basis for recusal).

---

[1]The FIOPA Office named as a Defendants appears to be The Freedom of Information and Privacy Act (FOI/PA) in the United States Office of Personnel Management (http://www.opm.gov/investigate/about/orgs/foipa.aspx, last visited on October 18, 2011).

As in Plaintiff's prior cases, Plaintiff has submitted a series of pleadings that constitute a case or controversy.  The parties on the captions of the documents do not always "match."  In reality, Plaintiff's filings are characterized by what some courts have described as "buzzwords" or "gibberish."  *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D. Tex. 1989); *Stafford v. Ellis*, Civil Action No. 89 N 1676, 1992 U.S.Dist. LEXIS 12007 (D. Colo. 1992); *Yocum v. Summers*, No. 91 C 3648, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. New York Stock Exchange*, 1989 WL 82007 (N.D.Ill. July 10, 1989);[2] *Peebles v. National Collegiate Athletic Association*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247 (D.S.C. Nov. 1, 1988) (magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, No. 89-2344, 887 F.2d 1080 [Table], 1989 WL 117826 (4th Cir. Sept. 21, 1989); *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd Cir. 1985).  In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in *Bryant v. U Haul*, Civil Action No. 93-6892, 1994 WL 67803 (E.D. Pa. Feb. 25, 1994) ("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish.").  *See also Lindsay v. Mid-Continent Fed. S&L Ass'n*, No. 95-1086-PFK, 1995 WL 254261 (D. Kan., April 26, 1995);

---

[2]*See also McCutcheon v. New York Stock Exchange*, No. 88 C 9965, 1994 WL 13766 (N.D. Ill. Jan. 14, 1994).

and *cf.* In Re *Urcarco Securities Litigation*, 148 F.R.D. 561, 566 (N.D. Tex. 1993), *affirmed*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).

In the past, Plaintiff has attempted to re-litigate matters determined in long-closed cases and has sought relief barred under the successive petition rule. Although Plaintiff has not provided a copy of a state court order, it appears that one or more courts in the State of South Carolina's unified judicial system may have imposed some sort of a prefiling injunction on Plaintiff. As a result, Plaintiff's attempts to file successive applications for post-conviction relief, successive petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, or mandamus-type actions in state or federal courts have not been successful.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleading pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Fine v.*

*City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Nonetheless, a litigant must plead factual

content that allows the court to draw the reasonable inference that the defendant or respondent is

plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d

868 (2009).  Even under this less stringent standard, the pleading is subject to summary dismissal.

The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller*

*v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since Plaintiff is, in part, seeking mandamus-type relief actually directed at state officials,

this case is subject to summary dismissal.  The writ of mandamus is infrequently used by federal

courts, and its use is usually limited to cases where a federal court is acting in aid of its own

jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d

586, 587-88 & nn. 2-4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official

**of the United States**.  *See*, *e.g.*, *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986); and *Ocean*

*Breeze Park, Inc. v. Reich*, 853 F. Supp. 906, 915 (E.D. Va. 1994), *affirmed*, *Virginia Beach*

*Policeman's Benevolent Association v. Reich*, 96 F.3d 1440 [Table], 1996 WL 511426 (4th Cir.

June 5, 1996). Hence, Plaintiff cannot obtain mandamus relief in this court against anyone employed

by the State of South Carolina.

In *Gurley*, a prisoner sought a writ of mandamus to compel the Superior Court of

Mecklenburg County (in North Carolina) to prepare a free transcript.  The district court in *Gurley*

denied the relief sought by the prisoner.  On appeal in *Gurley*, the United States Court of Appeals

for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because

it exercised no supervisory authority over the courts of the State of North Carolina.  The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."  *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d at 587.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988).  In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74.  *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985).  In *Craigo*, the district court concluded that the petition for writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under cases such as *Todd v. Baskerville* and, therefore, was subject to summary dismissal. *Craigo v. Hey*, 624 F. Supp. at 414.  *Accord Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); and *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1 (N.D. Ill. 1990).  Hence, this federal district court cannot issue a writ of mandamus to direct state officials to release Plaintiff from prison or take him to the local hospital in Oconee County.

Although this Court has subject-matter jurisdiction to issue a writ of mandamus against an official of the United States, Plaintiff is not entitled to a writ of mandamus where the actions or inactions of the particular federal official are discretionary.  *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-80 (2nd Cir. 1973) (collecting cases).  *See also In Re Ellerbee*, No.

02-6214, 42 Fed.Appx. 629, 2002 WL 1792110 (4th Cir. Aug. 6, 2002) ("Mandamus relief is warranted only when the petitioner has a clear right to the relief sought and there are no other means available for seeking that relief.").

Since Judge Childs and Magistrate Judge Austin were acting in their official capacities when they decided Plaintiff's cases assigned to them, they are immune from suit in the above-captioned civil rights action. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges). Moreover, since Judge Childs and Magistrate Judge Austin clearly had jurisdiction over the plaintiff's civil cases, it is clear that they did not act "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 349 U.S. at 356-57, *citing Bradley v. Fisher*, 80 U.S. 335, 351 (1871).[3]

---

[3]Whether a judge's actions were taken while acting in his or her judicial capacity depends on whether: *(1)* the act complained of constituted a normal judicial function; *(2)* the events occurred in the judge's chambers or in open court; *(3)* the controversy involved a case pending before the judge; and *(4)* the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

President Barack Obama and former President George W. Bush are immune from suit because of Presidential immunity.  *Saber v. Social Security Administration*, No. CV 05-373-HU, 2005 WL 1566645, *2  (D. Or. June 23, 2003) ("Moreover, President George W. Bush enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties.").

The above-captioned case is also subject to dismissal under the so-called "three strikes" rule in the Prison Litigation Reform Act.  It can be judicially noticed that Plaintiff has filed more than three prior frivolous cases in this court.  *See, e.g.,* 28 U.S.C. § 1915(g); and *cf. Green v. Nottingham*, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively).  The cases in which "strikes" have been entered against Plaintiff are displayed in the table below:

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Order |
|---|---|---|---|
| Rochester v. E. Delane Rosemond, *et al.* | 2:09-1809-HMH-RSC | July 9, 2009 | ECF Entry No. 6 |
| Rochester v. State of South Carolina; 1000 Defendants; George W. Bush; *et al.* | 2:08-3269-HMH-RSC | September 26, 2008 | ECF Entry No. 5 |
| Rochester v. South Carolina Department of Corrections, *et al.* | 2:06-3085-HMH-RSC | November 1, 2006 | ECF Entry No. 3 |
| Rochester v. J. Strom Thurmond, Jr., *et al.* | 2:03-3373-HMH-RSC | October 31, 2003 | ECF Entry No. 2 |
| Rochester v. State of South Carolina, *et al.* | 2:03-2057-HMH-RSC | August 12, 2003 | ECF Entry No. 8 |

| Rochester v. United States District Court for Northern District of Georgia | 2:02-3802-HMH-RSC | November 19, 2002 | ECF Entry No. 2 |
|---|---|---|---|

This Court may take judicial notice of the aforementioned civil actions listed in the table, which reflects the removal by the Court of Appeals of two strikes (originally entered by this Court in prior civil actions).[4] *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

The "three-strikes" rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) (*paraphrasing* Job 1:21 (Authorized Version of

---

[4]The table reflects the Court of Appeals' dispositions of Plaintiff's appeals in Civil Action No. 2:08-3488-HMH-RSC (Fourth Circuit Docket No. 08-8404) and in Civil Action No. 2:08-3577-HMH-RSC (Fourth Circuit Docket No. 08-8405), where the Court of Appeals found that two prior cases should *not* have been considered as "strikes." *See Rochester v. State of South Carolina*, No. 08-8404, 354 Fed.Appx. 761, 2009 WL 4506461 (4th Cir. Dec. 4, 2009); and *Rochester v. State of South Carolina*, No. 08-8405, 361 Fed.Appx. 440, 2009 WL 4547020 (4th Cir. Dec. 4, 2009).

1611 ["King James" version]): "When it comes to the jurisdiction of the federal courts, truly to

paraphrase the scripture, the Congress giveth and the Congress taketh away."). Even so, this case

is not the first instance where new laws have affected plaintiffs or petitioners. *See also* statutes

changing altering statutes of limitations, such as those at issue in the case entitled *In Re TMI* [Three-

Mile Island Litigation], 89 F.3d 1106 (3rd Cir. 1996) (upholding amendments to Price-Anderson Act

retroactively applying two year limitations period to plaintiffs who filed suit under then-applicable

six-year statute of limitations). *Cf. Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283 (9th Cir.

1997) ("Congress giveth and it taketh away."); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298

(5th Cir. 1993) ("As Congress giveth, Congress taketh away."); and *Mirabal v. GMAC*, 537 F.2d 871

(7th Cir. 1976).[5] Plaintiff, however, is clearly subject to the Prison Litigation Reform Act (PLRA)

because the pleading was filed more than fifteen years after the enactment of the PLRA on April 26,

1996.

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy

for actions that do not place them under the imminent danger of serious physical injury. *See Banos*

*v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir.1998) (to avoid bar under imminent danger exception to

"three-strikes" provision, a prisoner must be in imminent danger at time he seeks to file suit in

district court, rather than at time of the alleged incident that serves as basis for the complaint). *See*

*also Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (district court may dismiss case *sua*

---

[5]Unrelated portions of the  holding in *Mirabal v. GMAC* — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in *Brown v. Marquette Savings and Loan Assn.*, 686 F.2d 608 (7th Cir. 1982) (*overruling*, in part, *Mirabal v. GMAC*).

*sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426 (E.D. Mich. 1997).

Plaintiff cannot obtain a criminal investigation or criminal charges against Defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Moreover, this court cannot suspend or remove Defendants from their jobs. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

Insofar as Plaintiff is seeking federal habeas corpus relief with respect to the alleged expiration of his sentences, he must first exhaust his state court remedies. *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (Section 2241 case). Moreover, with respect to any Section 2254 claims, Plaintiff must seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. *See* Rule 9 of the Rules Governing Section 2254 Cases; and *In re Vial*, 115 F.3d

1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive

§ 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first

receiving permission to do so from the appropriate circuit court of appeals.").

The various entities of the State of South Carolina named as Defendants are subject to

summary dismissal because of Eleventh Amendment immunity, which divests this Court of

jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such

as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State

Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531

U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S.

706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express

language of Eleventh Amendment only forbids suits by citizens of other States against a State,

Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*,

568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805,

808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517

(E.D.S.C. 1961).  Moreover, the state officials named as Defendants are immune for acts taken in

their various official capacities. *See Brown v. Lieutenant Governor's Office on Aging*, 697

F. Supp. 2d 632, 635 (D.S.C. 2010), which cites *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

Plaintiff has named various court officials of this District Court, the United States Court of

Appeals for the Fourth Circuit, and the Supreme Court of the United States as Defendants.  The

various Clerk of Court named as Defendants, their support staffs, case managers, and court law

clerks, have quasi judicial immunity.[6]  *Forrester v. White*, 484 U.S. 219, 226-27 (1988).  *See also*

*Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385 (D.S.C. June 3, 2011)

(collecting cases), *adopted*, 2011 WL 2600593 (D.S.C. June 29, 2011).

The United States cannot be sued without its express consent, and express consent is a

prerequisite to a suit against the United States.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

---

[6]*See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).  In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a ruling from the bench, commented:

> The clerk, Joseph Joseph, is also immune from suit.  In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune."  We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969).  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.  See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County*, 515 F. Supp. at 1076.  *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").
 The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995); *and Mayes v. Wheaton*, No. 97 C 8072, 1999 WL 1000510 (N.D. Ill. Nov. 1, 1999) ("Judicial immunity extends to all persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."), *citing Forrester v. White*, 484 U.S. 219, 226-27 (1988).

The bar of sovereign immunity cannot be avoided by naming officers or employees as defendants.

*Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58

(1963). Similarly, the bar of sovereign immunity cannot be avoided by the filing of a suit against

a federal agency or a federal department, such as the Department of Homeland Security or United

States Postal Service. *See Campbell v. United States*, 496 F. Supp. 36, 37-38 (E.D. Tenn. 1980).

The United States and its departments or agencies cannot be sued under the *Bivens* doctrine.[7]

*FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

Hence, the various federal agencies or departments named as Defendants should be dismissed.

### *Conclusion*

The Clerk of this Court may correct the docket sheet to reflect that the Clerk of the United

States Court of Appeals for the Fourth Circuit is ***Patricia S. Connor***. Plaintiff's Motion for Leave

to Proceed *in forma pauperis* (ECF No. 2) is **denied**. **The above-captioned case is, hereby,**

**dismissed *without prejudice* and without issuance and service of process.** *See Denton v.*

*Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C.

§ 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon

---

[7]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

as possible after docketing, district courts should review prisoner cases to determine whether they

are subject to summary dismissal].   The Clerk of Court shall "close" the file.

IT IS SO ORDERED.


October 20, 2011                                    s/Henry M. Herlong, Jr.
Greenville, South Carolina                          Senior United States District Judge